[Crim. No. 2655.   Third Dist.   Mar. 16, 1956.]

THE PEOPLE, Respondent, v. RAY ALVIN McDONALD, Appellant.

Alfred E. Frazier and Edward J. Allen for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—Appellant was charged by an amended information with having violated section 480 of the Vehicle Code by failing to report a fatal accident and failing to furnish the information required by section 482, subdivision (a) of the Vehicle Code, which provides, in part:

". . . In the event of death of any person resulting from an accident, the driver of any vehicle involved must, after fulfilling the requirements of Section 480 of this code and the foregoing requirements of this subsection, and if there be no traffic or police officer at the scene of the accident to whom to give the information required by this subsection, shall, without delay, report such accident to the nearest office of the California Highway Patrol or office of a duly authorized police authority and submit with such report the information required by this subsection."

Trial was had before the court sitting without a jury. Pursuant to stipulation, the evidence thereat was limited to the

testimony taken at the preliminary examination and two extrajudicial statements admitted over appellant's objection that the corpus delicti had not been proved. The trial court found appellant guilty and after denial of his motion for a new trial imposed a county jail sentence, the execution of which was suspended. Appellant was placed on probation for one year.

This is an appeal from the judgment of conviction and the order denying a motion for a new trial. Appellant contends that the corpus delicti was not proved independently of appellant's extrajudicial statements and that the evidence as a whole is insufficient to sustain a finding that appellant was guilty.

The deceased, Viola Unruh, met almost instantaneous death when she fell or jumped from an automobile which the appellant was driving on a county highway east of Vina in Tehama County. When found decedent's body was dressed in a flowered shirt, blue slacks and low-heeled shoes. The shirt had holes in the back, apparently from the woman's having slid on the gravel of the road shoulder. A piece of her skull about three inches across was found lying 19 feet from her body and pieces of brain matter were lying between. The whole top and right side of her skull were crushed. Her body was found by a Mr. O'Brien who telephoned the sheriff's office. Prosecution witnesses testified that at about 6:30 on the night in question the deceased and appellant left a highway tavern where they had each consumed a bottle of beer. The deceased was then driving appellant's automobile. However, within a half hour thereafter a witness, who knew both the appellant and the deceased, saw the car in which they were riding stop and saw the couple get out and exchange seats. This witness testified that the car, with appellant at the wheel, then proceeded about 300 yards down the highway when the right-hand door flew open. Appellant leaned over and closed it. He then stopped the car, got out, walked down the road about 15 feet, looked at something, put his hand to his head, and walked back to the car. It was approximately at this point on the road where the deceased's body was found a few minutes later by Mr. O'Brien. In the meantime, appellant drove to a nearby residence, where he had a brief conversation about the weather with the lady of the house, but made no mention of an accident and did not ask to use the telephone. He drove off in the direction of town and shortly thereafter

appeared at the tavern where he and the deceased had been earlier that evening. He purchased a pint of whisky and immediately left, without using the telephone. Within a few minutes appellant returned to the scene of the accident in company with his wife. However, he did not identify himself as the driver of the vehicle in which the deceased had been riding or give the investigating officers the information required by section 482, subdivision (a) of the Vehicle Code.

Appellant offered no proof that he reported the accident and there is uncontradicted testimony that he did not ask to use the telephone at the house to which he went immediately after the accident. He thus failed to avail himself of the first opportunity to make the required report "without delay." We have concluded that the foregoing facts establish the corpus delicti as it may be inferred therefrom that appellant did not promptly and "without delay" report the accident. Therefore, his extrajudicial statements were properly admitted.

When placed under arrest, appellant at first denied that the deceased had been with him, claiming that they parted at the tavern. From such denial it may be inferred that appellant did not report the accident of which he at first disclaimed any knowledge and of which he gave an untruthful account. On the day after the accident, appellant in a second statement admitted that the deceased had been riding with him, but claimed that she opened the door and stepped from the car. He testified he looked back and did not see her so he assumed that she had walked off the road. Again he inferentially admitted he made no report. There would be no reason for his so doing if he believed the deceased had not been injured. Appellant's denials and contradictory and false accounts of how the accident occurred are strong evidence that he made no report thereof. The evidence as a whole supports the trial court's finding of guilt.

The judgment and the order are affirmed.

Peek, J., and Schottky, J., concurred.